UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

JAMES MERRIMAN, individually &
on behalf of all similarly situated,

    Plaintiff(s),

                                      Case Number _____

v.

WRIGHT TREE SERVICE, INC.

    Defendant.
_____/

## Complaint

1. The named Plaintiff, James Merriman, individually and on behalf of all similarly situated, sues Defendant, Wright Tree Service, Inc., pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

2. Defendant is a foreign corporation.

3. Defendant conducts business throughout the United States.

4. Named Plaintiff worked for Defendant within the past two years.

5. Named Plaintiff worked for Defendant as a driver and laborer.

6. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is appropriate in Ashland, Kentucky because named Plaintiff worked for Defendant in, among other counties, Rowan County, Kentucky.

8. Defendant provides tree services.

9. Plaintiff(s) are paid an hourly wage.

1

10. Defendant did pay Plaintiff(s) time and half for some hours worked over forty in a workweek, but not for all hours worked.

11. Specifically Defendant utilized drivers to drive to and/or from a worksite back to a parking lot.

12. Defendant did not pay any wages to its drivers.

13. Plaintiff(s) drove one or more of Defendant's laborers from a designated parking lot to a worksite; Plaintiff(s)s drove one or more of Defendant's laborers from a worksite to a designated parking lot.

14. Plaintiff(s) drove company vehicles.

15. The vehicles Plaintiff(s) drove were less than 10,000 lbs.

16. Plaintiff(s) had two primary duties: (1) drive company vehicle carrying co-workers; and (2) performing tree services.

17. Plaintiff(s) were paid for performing tree services.

18. Plaintiff(s) were not paid for driving company vehicles transporting co-workers.

19. Defendant's No Driver Pay Policy violates 29 U.S.C. § 207(a)(1).

20. Plaintiff(s) regularly work over forty hours a week without any payments for transporting co-workers.

21. An employer must pay an employee overtime pursuant to 29 U.S.C. § 207(a)(1).

22. Defendant did not comply with 29 U.S.C. § 207 as it relates to Plaintiff(s).

23. Defendant has annual gross revenues of over $500,000.

24. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as paper, cell phones, tools and materials.

25. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

26. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

27. Defendant employed named Plaintiff.

28. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

29. Defendant willfully violated the FLSA.

30. Defendant acted in reckless disregard of the FLSA.

31. Plaintiff(s) are owed proper overtime pay for the work they performed for Defendant.

32. Defendant has been the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

33. The Plaintiff(s) had similar job duties.

34. The Plaintiff(s) were paid pursuant to the same pay policy.

35. There are similarly situated employees to named Plaintiff that would like to recover unpaid overtime.

Wherefore, Plaintiff(s) demand pursuant to Section 16(b) of the FLSA facilitation of notice of rights to putative class members, conditional class

certification, class certification, trial by jury, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 16th day of August 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)286-8368
Email – bmazaheri@forthepeople.com